**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Theodore Thompson,** ) | **Case No. 1:05CV1807** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Judge John M. Manos** |
| ) | |
| **Julius Wilson, et al.,** ) | |
| ) | |
| **Defendants.** ) | **MEMORANDUM OF OPINION** |

On July 18, 2005, Theodore Thompson, *pro se* plaintiff, filed the above-captioned action naming Warden Julius Wilson, Pamela Mack, Carla Bernard, Lori Long, Joy Kirsh, Brian Cain, Dr. Williams and Nurse Dalton all employees of the Richland Correctional Institution, defendants. He brings two § 1983 violations due to exposure to environmental tobacco smoke ("ETS") in the prison. He seeks monetary and injunctive relief. Furthermore, he filed a motion for appointment of counsel.[1]

---

[1] Because the Court is granting defendants' motion to dismiss, the Court hereby denies plaintiff's motion to appoint counsel. See 28 U.S.C. §1915(e)(1).

On October 24, 2005, defendants filed a motion to dismiss.[2] It was fully briefed. For the following reasons, defendants' motion to dismiss is granted and the case is dismissed without prejudice.

## I. Facts

Plaintiff is an inmate incarcerated at Richland Correctional Institution, Ohio. He claims a violation of the Eighth Amendment right to be free from cruel and unusual punishment in an alleged exposure to second-hand smoke. He also alleges equal protection and due process claims for inadequate health care. He requests injunctive relief that provides for a completely smoke-free living environment along with compensatory damages in the amount of $45,000 plus costs and punitive damages.

In February 2002, plaintiff was transferred to Richland and placed in a smoking dormitory. Complaint ¶6. He immediately requested to be moved to a smoke-free dormitory. Id. He was placed on a waiting list. Id. at ¶¶ 7, 14. He alleges he was subjected to ETS in the dormitory. Id. at ¶8. He contends the defendants ignored his requests to be moved to a smoke-free housing.[3] Id. at ¶¶13-16. Subsequently, he was moved to a partial smoke-free dormitory. Id. at ¶ 15. He alleges, however, that smoke traveled through the ventilation system to the non-

---

[2]Docket sheet entry number 11 states that Nurse Dalton was not properly served. Pursuant to Ohio Rev. Code § 109.36.1, the Attorney General enters a limited appearance on behalf of defendant Dalton. Because the case is dismissed, the issue of service is moot.

[3]In 2004, he filed kites with Pamela Mack, Lori Long, Carla Bernard, and Joy Kirsh which he attached to the complaint. In these kites, he requested to be moved to a smoke-free environment. Also attached to the complaint is a memorandum dated April 18, 2005, from Cheryl Martinez, Chief Inspector, to Warden Wilson acknowledging receipt of plaintiff's grievance CI-05-151 stating that it will be investigated and reviewed within 30 calendar days.

smoking side of the dormitory. Id. at ¶16. He "fears that the future of his health is constantly at risk due to his exposure to ETS." Id. at ¶ 22.

As to Plaintiff's second claim, he contends he suffers medical problems due to his exposure to ETS. Id. at ¶10. His blood pressure has risen to "dangerously high levels and he has developed a chronic cough." Id. at ¶10. He alleges that he "continued to suffer from chest pains and a cough." Id. at ¶ 18. After seeking medical attention from defendants Nurse Dalton and Dr. Williams, he was prescribed an "analgesic balm" for "over-exertion." Id. at ¶¶ 18, 19. He states that the doctor, after only a cursory exam, took the nurse's diagnosis as true. Id. at ¶19. Plaintiff then directed a complaint of inadequate care to defendant Cain, the Health Care Administrator. Id. at ¶20. Plaintiff contends Cain and the medical staff provided inadequate medical care and ignored his complaints. Id. at ¶¶ 20, 22.

After the government filed its motion to dismiss, plaintiff responded and also filed an appendix of evidentiary material which included the following:

> Copies of kites to various defendants and their responses;[4] Disposition of Grievance #10-04-027; Appeal to Chief Inspector #10-04-027; Decision of Chief Inspector #10-04-027; Informal Complaint dated March 11, 2005; Notification of Grievance #CI-05-151; Decision of the Chief Inspector #CI-05-151.

## **II. Standard**

Defendants have moved to dismiss because the Complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the allegations in the Complaint are taken as true and viewed in the light most favorable to the plaintiff. A complaint will not be dismissed "unless it appears beyond a reasonable doubt that

---

[4]Most of these kites were also attached to the complaint.

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hiser v. City of Bowling Green, 42 F.3d 382, 383 (6th Cir. 1994), cert. denied, 514 U.S. 1120 (1995), quoting, Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio, 900 F.2d 882, 885 (6th Cir. 1990). The complaint need only give fair notice as to the claim and the grounds upon which it rests. In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).

Conclusory allegations, however, are not sufficient to state a claim. Rather, a complaint must set forth specific facts which, if proven, would warrant the relief sought. Sisk v. Levings, 868 F.2d 159, 161 (5th Cir. 1989). In addition, a court is not bound to accept as true a legal conclusion couched as a factual allegation. Papasan v. Allain, 478 U.S. 265, 286 106 S. Ct. 2932, 2944 (1986). A court likewise need not accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

Although *pro se* Complaints are held to less stringent standards than those filed by lawyers, they still must meet the basic pleading essentials. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). It is not appropriate to dismiss a pro se prisoner's civil rights action unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 997, 106 (1976).

### III. Law and Analysis

The Prison Litigation Reform Act ("PLRA") requires that a prisoner must fully exhaust administrative remedies before filing suit in the district court. It states: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2004). Exhaustion is not jurisdictional; it is mandatory. Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999). "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies. . . ." Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999).  The plaintiff-prisoner has the burden of proving that a grievance has been fully exhausted, Baxter v. Rose, 305 F.3d 486, 488 (6th Cir. 2002), and he must attach documentation to the complaint as proof. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). Recently, the Sixth Circuit held that the PLRA requires a complete dismissal of a prisoner's complaint when it alleges both exhausted and unexhausted claims. Bey v. Johnson, 407 F.3d 801, 805, 806 (6th Cir. 2005) (rehearing en banc denied) (petition for cert. filed, 74 USLW 3424 (U.S. Jan. 9, 2006)(No. 05-874).

>In Ohio, the prisoner grievance procedure is comprised of three steps:
>
>> **Step One**.   Filing of an informal complaint (within fourteen calendar days of the date of the event giving rise to the complaint).
>> **Step Two**.  Filing of the notification of grievance.  (within fourteen calendar days from the date of the informal complaint response or waiver of that step).
>> **Step Three**.  Filing of an appeal of the disposition of grievance.  (within fourteen calendar days of the date of the disposition of grievance.)

**Ohio Admin. Code** § 5120-9-31(J)(1)(2) and (3) (2005).

Defendants argue that plaintiff has not exhausted his administrative remedies because he did not exhaust such remedies as to each claim he brought; nor did he exhaust such remedies as to each named defendant.

Plaintiff contends that he fully exhausted his administrative remedies.  He argues that he complied with **Ohio Admin. Code** 5120-9-31(L) that deals with grievances against the warden

-5-

or inspector.  It states:

> (L) Grievances against the warden or inspector of institutional services must be filed directly to the office of the chief inspector within thirty calendar days of the event giving rise to the complaint.  Such grievances must show that the warden or inspector of institutional services was personally and knowingly involved in a violation of law, rule or policy, or personally and knowingly approved or condoned such a violation.  The chief inspector or designee(s) shall respond within thirty calendar days of receipt of the grievance.  The chief inspector or designee(s) may extend the time in which to respond for good cause, with notice to the inmate.  **The decision of the chief inspector or designee is final**.

**Ohio Admin.Code** § 5120-9-31(L) (2005) (emphasis added).

Plaintiff argues that he has met the exhaustion requirement because in his Grievance No. CI-05-151, the Inspector issued a final decision on May 19, 2005.

The Court carefully reviewed the evidence and finds as follows:

In 2004, Plaintiff followed the three-step procedure and exhausted his administrative remedies as against defendants Kirsh, Long and Bernard as to his request to be moved to a non-smoking environment.  **Step One**:  On September 15, 2004, he filed an informal complaint.  It was received on October 5 by Defendant Long.  She responded to it on October 8, 2004.

**Step Two:**  On October 29, 2004, plaintiff filed a grievance.  (Grievance No. 10-04-027).  On November 9, 2004, Inspector Rose responded to the grievance.  **Step Three:** Plaintiff timely appealed Grievance No. 10-04-027.  The decision of the Chief Inspector was issued on December 15, 2004 affirming the Inspector.

Therefore, the Court finds that Plaintiff exhausted administrative remedies against three of the defendants, Kirsh, Long and Bernard as to the Eighth Amendment violation.  However, he did not meet the exhaustion requirement against the other named defendants.  He tried to do so

-6-

when he filed a Grievance directed to the Warden in April 2005.

**Step One**: On March 11, 2005, plaintiff filed an informal complaint resolution with Warden Wilson reciting a history of his allegations of his exposure to ETS and his problems in the infirmary. The Warden responded on March 15, 2005 stating that plaintiff had already been moved to non-smoking housing. **Step Two:** On April 12, 2005, plaintiff filed Grievance No. CI-05-151 with the Chief Inspector reciting all of the above allegations. On May 9, 2005, the Chief Inspector issued her decision dismissing the grievance based on the fact that plaintiff had not properly appealed a prior Grievance No. 03-05-014 involving the same allegations.[5] The Inspector stated that plaintiff must follow proper procedure before Grievance CI-05-151 could be addressed.

Plaintiff argues that pursuant to Ohio Admin Code 5120-9-31(L), the chief inspector's decision is the final step in the grievance procedure. Here, the chief inspector's decision does not address the merits of the complaint; it states that plaintiff had not properly pursued a prior Grievance No. 03-05-014, which should have been appealed prior to initiating a new grievance. Plaintiff does not provide the Court any information about this grievance. Therefore, the Court finds that plaintiff did not exhaust Grievance No. 03-05-94. Thus, the Court concludes that plaintiff has not exhausted his administrative remedies as to defendants Warden Wilson, Mack, Cain, Dr. Williams, and Nurse Dalton.

In accordance with Bey, because plaintiff has not completely exhausted his administrative remedies, this Court must dismiss plaintiff's action without prejudice.

---

[5]Even though the Plaintiff inundated the Court with many different kites and grievances, he did not provide the Court with a copy of this grievance.

## IV. Conclusion

For the above reasons, defendants' motion to dismiss is granted as to all defendants and plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.

                                                /s/ John M. Manos  
                                                United States District Judge

Issued:   February 17, 2006